## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Robert N. Broberg Jr., Terrence K. Montgomery, and Michelle L. Bertsch, o*n behalf of themselves and all others similarly situated*, | ) ) ) ) | File No. 14-cv-00049 (MJD/JJG) |
| Plaintiffs, | ) ) | **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED CLASS ACTION COMPLAINT** |
| v. | ) ) ) | |
| Experian Information Solutions, Inc. and Datamyx, LLC, | ) ) ) | |
| Defendants. | ) ) | **DEMAND FOR JURY TRIAL** |

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Amended Class Action Complaint ("Amended Complaint") filed by Robert N. Broberg, Jr., Terrence K. Montgomery, and Michelle L. Bertsch, on behalf of a putative class. As an initial matter, Experian reserves the right to supplement its answer based on future investigation or discovery. Experian states as follows:

### INTRODUCTION

1.    This is a private attorney general consumer class action arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

**ANSWER:** Paragraph 1 states a legal conclusion to which no response is required.

### PARTIES

2.    Plaintiff Robert N. Broberg Jr. (hereinafter "Plaintiff Broberg") is a natural person residing in the City of Minneapolis, County of Hennepin, State of Minnesota.

**ANSWER:** In response to Paragraph 2, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

3.    Plaintiff Terrence K. Montgomery (hereinafter "Plaintiff Montgomery") is a natural person residing in the City of Lakeland, County of Washington, State of Minnesota.

**ANSWER:** In response to Paragraph 3, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

4.    Plaintiff Michelle L. Bertsch (hereinafter "Plaintiff Bertsch'') is a natural person residing in the City of Las Vegas, County of Clark, State of Nevada.

**ANSWER:** In response to Paragraph 4, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

5.    Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a business corporation organized under the laws of the State of Ohio maintaining its chief executive offices in the State of California.

**ANSWER:** In response to Paragraph 5, Experian admits that it is an Ohio corporation with headquarters in California.  Experian denies any remaining allegations contained in Paragraph 5.

6.    Defendant Datamyx, LLC (hereinafter "Datamyx") is a limited liability company organized under the laws of the State of Delaware maintaining its chief executive offices in the State of Florida.

**ANSWER:** In response to Paragraph 6, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

7.     Where referred to collectively in this Amended Class Action Complaint, Experian and Datamyx will be referred to as "Defendants."

**ANSWER:**  In response to Paragraph 7, Experian states the statement contained therein is not an allegation against Experian, and as such, does not require a response from Experian and is considered denied or avoided.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

**ANSWER:**  Paragraph 8 states a legal conclusion to which no response is required.

9.     This Court has personal jurisdiction over Defendants pursuant to Minn. Stat. § 543.19 subd. 1(2) and (3) because Defendants transact business in Minnesota and make money buying and selling consumer credit information about Minnesotans in a manner that violates Minnesotans' rights under the FCRA.

**ANSWER:**  Paragraph 9 states a legal conclusion to which no response is required. Experian denies the remaining allegations of Paragraph 9, to the extent directed at Experian.  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the co-defendant, and therefore denies the same.

10.     This Court is the proper venue for this action pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(b)(3) because Defendants' unlawful use and disclosure of the private consumer credit information of tens of thousands, if not hundreds of thousands, of consumers resulted in, and is evidenced by tens of thousands of direct mail solicitations for debt relief services delivered to and received in Minnesota by Minnesota consumers.

**ANSWER:**  Paragraph 10 states a legal conclusion to which no response is required. Experian denies the remaining allegations of Paragraph 10, to the extent directed at Experian.  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the co-defendant, and therefore denies the same.

## FACTUAL ALLEGATIONS

*Solicitations for Debt Relief Services Sent to Plaintiffs by Golden EG Ventures LLC and/or Its Affiliates (and Why Marketing Debt Relief Services Is Not a Permissible Use of Consumer Reports under the FCRA)*

11.     Plaintiff Broberg is a retired truck driver.

**ANSWER:** In response to Paragraph 11, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

12.     Over the last several years, Plaintiff Broberg has incurred substantial consumer debts attempting to keep up with personal, family, and household expenses.

**ANSWER:** In response to Paragraph 12, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

13.     In May 2013, Plaintiff Broberg received a solicitation addressed to him at the house he owns in Minneapolis, Minnesota (hereinafter the "Solicitation").

**ANSWER:** In response to Paragraph 13, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

14.     A true and correct copy of the Solicitation is attached hereto as Exhibit 1.

**ANSWER:** In response to Paragraph 14, Experian admits that Plaintiffs attached the document identified as Exhibit 1 to the Amended Complaint.  The contents of Exhibit 1 speak for themselves, and any characterization contrary to those contents is denied.

15.     By its own terms, the purpose of the Solicitation was to "inform [Plaintiff Broberg] that [he] *may be prequalified* for Debt Consolidation" (emphasis added).

**ANSWER:** In response to Paragraph 15, the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

16.    The Solicitation advised Plaintiff Broberg that he had an "Estimated Balance" of "$23,000."

**ANSWER:** In response to Paragraph 16, the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

17.    The Solicitation advertised an "Estimated Monthly Payment" of "$263.53."

**ANSWER:** In response to Paragraph 17, the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

18.    The Solicitation further explained that "[u]nder the specifications of this program your outstanding debt would have a new monthly payment in the range shown above," which, on information and belief, referred to the "Estimated Monthly Payment" of "$263.53."

**ANSWER:** In response to Paragraph 18, the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

19.    The Solicitation further explained that the "[program] docs not assume or pay any debts, promise a specific reduction in debt, or provide legal or tax advice."

**ANSWER:** In response to Paragraph 19, the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

20.    The Solicitation further explained that it was "an advertisement that provides consumer leads to debt resolution providers and law firms."

**ANSWER:** In response to Paragraph 20, the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

21.    The Solicitation warned Plaintiff Broberg that "[i]f you do not respond, the interest on your debt will continue to accumulate, and you may have to pay off your entire debt balance."

**ANSWER:** In response to Paragraph 21, the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

22.     The Solicitation stated that it was from "National Credit Answers."

**ANSWER:** In response to Paragraph 22, the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

23.     National Credit Answers is a registered trade name of Golden EG Ventures, LLC, a Florida limited liability company (hereinafter "Golden EG").

**ANSWER:** In response to Paragraph 23, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

24.     On information and belief, Golden EG directed the Solicitation to Plaintiff Broberg.

**ANSWER:** In response to Paragraph 24, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

25.     On its face, the Solicitation is susceptible to multiple readings.

**ANSWER:** Paragraph 25 states a legal conclusion to which no response is required. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same.  Experian further states that the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

26.     On one hand, "Debt Consolidation"—the benefit for which the Solicitation asserted that Plaintiff Broberg "may be pre-qualified"—could mean a loan from one lender to pay all of Plaintiff Broberg's debts, allowing him to make one payment to the new lender on terms presumably more favorable than Plaintiff Broberg paying all of his creditors separately (hereinafter the "Consolidation-as-Loan Reading").

**ANSWER:** Paragraph 26 states a legal conclusion to which no response is required. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same.  Experian further states that the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

27.     The Solicitation itself opposes the Consolidation-as-Loan Reading, however, because the fine print states that the "[p]rogram does not assume or pay any debts."

**ANSWER:** Paragraph 27 states a legal conclusion to which no response is required. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same.  Experian further states that the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

28.     Another reading of "Debt Consolidation," one consistent with the fine print disclaimer that the program does not pay any debts, is that one person or entity will manage Plaintiff Broberg's debts by collecting a single payment each month from Plaintiff Broberg and distributing portions to his creditors on his behalf, potentially towards reduced obligations negotiated with Plaintiff Broberg's creditors by the person or entity distributing the payments (hereinafter the "Consolidation-as-Debt Management Reading.")

**ANSWER:** Paragraph 28 states a legal conclusion to which no response is required. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same.  Experian

further states that the contents of Exhibit 1 speak for themselves and any characterization

contrary to those contents is denied.

29.   The additional fine print disclaimer that the Solicitation was "an advertisement that provides consumer leads to debt resolution providers and law firms" supports the Consolidation-as-Debt Management Reading and not the Consolidation-as-Loan Reading because "debt resolution provider" and "law firm" are apt descriptions of a person who negotiates debt reductions and/or distributes payments on a consumer's behalf but not apt descriptions of a person who originates or arranges loans.

**ANSWER:** Paragraph 29 states a legal conclusion to which no response is required.

Experian is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained therein, and therefore denies the same.   Experian

further states that the contents of Exhibit 1 speak for themselves and any characterization

contrary to those contents is denied.

30.   Plaintiff Broberg's counsel further investigated the benefits advertised by the Solicitation by reviewing the website nationalcreditanswers.com

**ANSWER:** In response to Paragraph 30, Experian is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein, and

therefore denies the same.

31.   On the "Privacy Policy" page at nationalcreditanswers.com, the physical address listed for the·"customer service department" of the website's purveyor is 7341 Office Park Place, Suite 105, Melbourne, Florida 32940.

**ANSWER:** In response to Paragraph 31, the contents of the referenced "Privacy Policy"

page speak for themselves, and any characterization contrary to those contents is denied.

32.   The "customer service department" address of 7341 Office Park Place, Suite 105, Melbourne, Florida 32940 is identical to the principal office address listed for Golden EG on its organizational filings with the Florida Department of State.

**ANSWER:** In response to Paragraph 32, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

33. On information and belief, nationalcreditanswers.com is a website created and maintained by Golden EG to support business conducted under its registered trade name National Credit Answers, part and parcel of which was the Solicitation to Plaintiff.

**ANSWER:** In response to Paragraph 33, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

34. The website nationalcreditanswers.com includes a page describing the nature of Golden EG's services.

**ANSWER:** In response to Paragraph 34, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same. Experian further states that the contents of the referenced website speak for themselves, and any characterization contrary to those contents is denied.

35. On nationalcreditanswers.com, Golden EG combines "Debt Consolidation" and "Debt Management" under a single definition of "Debt Consolidation/Debt Management Plans."

**ANSWER:** In response to Paragraph 35, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same. Experian further states that the contents of the referenced website speak for themselves, and any characterization contrary to those contents is denied.

36.     In its description of "Debt Consolidation/Debt Management Plans," Golden EG states that "we free our clients from debt in 36 to 60 months . . . by getting your creditors to offer lower interest rates."

**ANSWER:** In response to Paragraph 36, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.  Experian further states that the contents of the referenced website speak for themselves, and any characterization contrary to those contents is denied.

37.     Golden EG's description of "Debt Consolidation/Debt Management Plans" on nationalcreditanswers.com is consistent with the Consolidation-as-Debt Management Reading of the Solicitation because it contemplates negotiation with creditors, wherein the consumer remains obligated to furnish the funds, and not an extension of credit by one creditor to pay Plaintiff Broberg's other creditors.

**ANSWER:** Paragraph 37 states a legal conclusion to which no response is required. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same.  Experian further states that the contents of the referenced website speak for themselves, and any characterization contrary to those contents is denied.

38.     On nationalcreditanswers.com. Golden EG describes other services under different names, including "Debt Settlement," "Mortgage Modifications," "Student Loan Debt Relief," and "Bankruptcy Alternatives."

**ANSWER:** In response to Paragraph 38, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.  Experian further states that the contents of the referenced website speak for themselves, and any characterization contrary to those contents is denied.

39.     In Golden EG's descriptions of these other services, Golden EG repeatedly uses the phrase "negotiate" but never the word "loan" to describe the services it provides for consumers.

**ANSWER:** In response to Paragraph 39, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.  Experian further states that the contents of the referenced website speak for themselves, and any characterization contrary to those contents is denied.

40.     Read together and as a whole, the Solicitation and nationalcreditanswers.com plausibly suggest that Golden EG's entire business is negotiating debt reduction with consumers' creditors and distributing consumers' payments to creditors (or, referring consumers to others who do the same), the Consolidation-as-Debt Management Reading, and not originating loans or arranging loans, the Consolidation-as-Loan Reading.

**ANSWER:** Paragraph 40 states a legal conclusion to which no response is required.  Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same.  Experian further states that the contents of the referenced website speak for themselves, and any characterization contrary to those contents is denied.

41.     On information and belief, Golden EG does not provide or arrange loans to consumers and, in sending Plaintiff Broberg the Solicitation, never intended to make or arrange any loan to Plaintiff Broberg.

**ANSWER:** In response to Paragraph 41, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

42.     On information and belief, Golden EG is affiliated by common ownership and location of business operations with a number of other businesses that market and provide the same type of debt relief services as Golden EG through materials similar to the Solicitation.

**ANSWER:** In response to Paragraph 42, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

43.     The benefits advertised in the Solicitation were not "credit" as defined by 15 U.S.C. § 1691a(d), incorporated into the FCRA by 15 U.S.C. § 1681a(r)(5).

**ANSWER:** Paragraph 43 states a legal conclusion to which no response is required. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same. Experian further states that the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

44.     Even if the benefits advertised in the Solicitation were "credit," which they were not, the benefits were not "firm offer[s]" as defined by 15 U.S.C. § 1681a(1).

**ANSWER:** Paragraph 44 states a legal conclusion to which no response is required. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same. Experian further states that the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

45.     A hallmark of a "firm offer of credit" is establishing the criteria that will ultimately be used to determine whether to extend credit to a consumer *before* selecting the consumer to receive the initial invitation to apply.

**ANSWER:** Paragraph 45 states a legal conclusion to which no response is required. Experian further states that that it is without knowledge or information sufficient to form

a belief of the remaining allegations contained therein, particularly in light of the use of ambiguous terms including "establishing," "hallmark" and "ultimately," and therefore denies the same.

46. In a "firm offer of credit," a consumer is pre-qualified for credit based on certain criteria against which the consumer has been tested, subject to ultimate, final qualification based on criteria that are predetermined but against which the consumer has not yet been tested.

**ANSWER:** Paragraph 46 states a legal conclusion to which no response is required. Experian further states that that it is without knowledge or information sufficient to form a belief of the remaining allegations contained therein, particularly in light of the use of ambiguous terms including "certain criteria," "ultimate, final qualification," and "tested," and therefore denies the same.

47. Golden EG's Solicitation did not state that Plaintiff Broberg was pre-qualified for anything; the Solicitation stated only that Plaintiff Broberg "*may* be pre-qualified" (emphasis added).

**ANSWER:** In response to Paragraph 47, the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

48. Further, the Solicitation did not identify any of Plaintiff Broberg's creditors and referred only to a total "Estimated Balance" of $23,000."

**ANSWER:** In response to Paragraph 48, the contents of Exhibit 1 speak for themselves and any characterization contrary to those contents is denied.

49. The Solicitation's statement that Plaintiff Broberg "may" be pre-qualified for Debt Consolidation and failure to identify any of Plaintiff Broberg's creditors plausibly suggest that, prior to selecting Plaintiff Broberg to receive the Solicitation, Golden EG did not contact Plaintiff Broberg's creditors at all, either to determine if Plaintiff Broberg was pre-qualified for debt reduction based on certain preliminary criteria or to establish the ultimate criteria Plaintiff Broberg would need to satisfy for his creditors to approve reductions to his debts.

**ANSWER:** Paragraph 49 states a legal conclusion to which no response is required. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same. Experian further states that the contents of Exhibit 1 speak for themselves, and any characterization contrary to those contents is denied.

50. Golden EG could never extend Plaintiff Broberg a "firm offer" due to the very nature of its business: *negotiating* debt relief (or, merely referring consumers to others who do so) with the creditors who ultimately establish and control the criteria to be used to decide whether to reduce a consumer's debt obligation.

**ANSWER:** Paragraph 50 states a legal conclusion to which no response is required. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same.

51. All Golden EG did to select Plaintiff Broberg for the Solicitation was identify him as a consumer with a lot of debt who might be interested in paying someone to help him manage and renegotiate his debt; the Solicitation was target marketing, not an offer of any benefit governed by preset selection criteria established for the purpose of making Plaintiff Broberg an initial offer.

**ANSWER:** Paragraph 51 states a legal conclusion to which no response is required. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same. Experian further states that the contents of Exhibit 1 speak for themselves, and any characterization contrary to those contents is denied.

52. In the alternative, but remote, event that the Consolidation-as-Loan reading applies to the Solicitation, the benefits advertised by the Solicitation may have been "credit" as contemplated by 15 U.S.C. § 1691(a)(d) and 15 U.S.C. § 1681a(r)(5), but they

were not "firm offers" for the same reasons that the benefits advertised under the Consolidation-as-Debt Management Reading were not "firm offers."

**ANSWER:** Paragraph 52 states a legal conclusion to which no response is required.

Experian further states that it is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained therein, and therefore denies

the same.  Experian further states that the contents of Exhibit 1 speak for themselves, and

any characterization contrary to those contents is denied.

53.    Even if the Consolidation-as-Loan reading applied, Golden EG stated only that Plaintiff Broberg "*may* be pre-qualified for Debt Consolidation" (emphasis added).

**ANSWER:** Paragraph 53 states a legal conclusion to which no response is required.

Experian further states that it is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained therein, and therefore denies

the same.  Experian further states that the contents of Exhibit 1 speak for themselves, and

any characterization contrary to those contents is denied.

54.    Golden EG's inability to offer even pre-qualification status to Plaintiff Broberg, only the possibility of pre-qualification status, plausibly suggests that Golden EG did not contact any lenders on Plaintiff Broberg's behalf to determine Plaintiff Broberg's actual or potential eligibility for a loan and, accordingly, that no eligibility criteria were established for the purpose of making an initial invitation to Plaintiff Broberg to apply.

**ANSWER:** Paragraph 54 states a legal conclusion to which no response is required.

Experian further states that it is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained therein, and therefore denies

the same.

55.     Under the case *TransUnion Corp*. v. *FTC,* 245 F.3d 809 (D.C. Cir. 2001), in the absence of a "firm offer of credit," it is unlawful to sell, obtain, or use a consumer report for target marketing purposes.

**ANSWER:** Paragraph 55 states a legal conclusion to which no response is required.

Experian further states that the referenced case speaks for itself, and any characterization

contrary to its holdings, statements, or otherwise is denied.

56.     The very nature of third-party debt relief services prevents a "firm offer" from being made in connection with solicitations for such services; debt reduction is not "credit," and, even if it was, a third-party debt relief services provider does not pre-establish a creditor's ultimate qualification criteria for the purposes of making an initial solicitation to a consumer to seek debt reduction.

**ANSWER:** Paragraph 56 states a legal conclusion to which no response is required.

Experian further states that it is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained therein, and therefore denies

the same.

57.     If Plaintiff Broberg was targeted with the Solicitation based on a consumer report, such use would be unlawful and constitute a violation 15 U.S.C. § 1681b(f).

**ANSWER:** Paragraph 57 states a legal conclusion to which no response is required.

Experian further states that it is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained therein, and therefore denies

the same.  Experian further states that the contents of Exhibit 1 speak for themselves, and

any characterization contrary to those contents is denied.

58.     Over the last few years, Plaintiffs Montgomery and Bertsch have, like Plaintiff Broberg, carried high credit card balances.

**ANSWER:** In response to Paragraph 58, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

59. Plaintiffs Montgomery and Bertsch, like Plaintiff Broberg, have been inundated with direct mail solicitations for debt relief services.

**ANSWER:** In response to Paragraph 59, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

60. Plaintiffs Montgomery and Bertsch, unlike Plaintiff Broberg, did not have a practice to retain unsolicited solicitations for debt relief services.

**ANSWER:** In response to Paragraph 60, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

61. On information and belief, Plaintiffs Montgomery and Bertsch received solicitations substantially similar to the Solicitations from Golden EG or another person closely affiliated with Golden EG.

**ANSWER:** In response to Paragraph 61, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

62. If Plaintiffs Montgomery and Bertsch were targeted with solicitations substantially similar to the Solicitation based on consumer reports, such use would be unlawful and constitute a violation 15 U.S.C. § 1681b(f).

**ANSWER:** Paragraph 62 states a legal conclusion to which no response is required. Experian further states that it is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained therein, and therefore denies the same.

63.   The unlawful nature of using consumer reports to market debt relief services to debt-strapped consumers has been well known and understood in the consumer reporting industry for many years.

**ANSWER:** Paragraph 63 contains legal conclusions to which no response is required. Experian further states that, particularly in light of ambiguous phrases like "unlawful nature," "market debt relief services," "debt-strapped," "well known and understood,"  it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

64.   In evaluating new potential customers, consumer reporting agencies have a policy to NOT do business with providers of debt relief services.

**ANSWER:** In response to Paragraph 64, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, to the extent directed at Experian, particularly in light of ambiguous reference to "consumer reporting agencies" generally and ambiguous use of phrases including "evaluating," "new potential customers," "policy," "business with," and "providers of debt relief services."  Therefore, Experian denies the same.  Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding other consumer reporting agencies, and therefore denies the same.

65.   In 2012, the Federal Trade Commission (FTC) targeted unlawful use of consumer reports to market debt relief services.

**ANSWER:** In response to Paragraph 65, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, particularly in light of the ambiguous term "targeted," and therefore denies the same.

66.     In an action styled *United States v. Bailey & Associates Advertising, Inc. et al.* brought in the United States District Court for the Southern District of California, the FTC entered into a consent judgment with marketers requiring them to refrain from "[u]sing or selling consumer reports in connection with debt relief products or services" and to pay over one million dollars in civil penalties.

**ANSWER:** In response to Paragraph 66, Experian states that the contents of the Stipulated Final Judgment and Order For Civil Penalties, Permanent Injunction, and Other Equitable Relief in the case captioned *United States v. Direct Lending Source, Inc. et al.*, Case No. 3:12-cv-02441 (S.D. Cal. Oct. 11, 2012), speak for themselves and any characterization contrary to those contents is denied.

67.     The FTC also targeted Equifax, the consumer reporting agency that sold consumer reports to the marketers.

**ANSWER:** The allegations in Paragraph 67 are directed at a non-party and not Experian and therefore no response from Experian is required.  To the extent any response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

68.     The FTC chose not to bring a formal action against Equifax but, instead settled its claims without court action.

**ANSWER:** The allegations in Paragraph 68 are directed at a non-party and not Experian and therefore no response from Experian is required.  To the extent any response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

69.     The FTC alleged that Equifax failed to maintain proper procedures to prevent marketers from accessing and using Equifax's consumer credit files for the unlawful purpose or marketing debt relief services.

**ANSWER:** The allegations in Paragraph 69 are directed at a non-party and not Experian and therefore no response from Experian is required. To the extent any response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

70.     Equifax agreed to pay about $393,000 to the FTC as part of the settlement, which was announced to the public via the FTC's press release on October 10th, 2012.

**ANSWER:** The allegations in Paragraph 70 are directed at a non-party and not Experian and therefore no response from Experian is required.  To the extent any response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

71.     Despite the presumed public benefit of the FTC announcing its allegations against Equifax via press release and Equifax agreeing to pay a six-figure sum, many consumer privacy experts were dissatisfied with the settlement.

**ANSWER:** The allegations in Paragraph 71 are directed at a non-party and not Experian and therefore no response from Experian is required.  To the extent any response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

72.     In comments filed in a public forum with the FTC, a number of privacy experts objected to the settlement on the grounds that it was not sufficient to deter further misconduct by consumer reporting agencies and did not go far enough to investigate and expose consumer reporting industry abuses.

**ANSWER:** The allegations in Paragraph 72 are directed at a non-party and not Experian and therefore no response from Experian is required.  To the extent any response is

required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same

### *Chain of Unlawful Disclosures:  Plaintiffs' Consumer Credit Information Transmitted from Experian to Datamyx to Golden EG and/or Affiliates to Target Plaintiffs with Solicitations for Debt Relief Services in Violation of the FCRA*

73.    Experian's principal business, like that of Equifax, is compiling information on individual consumers' credit obligations, and consumers' performance thereof, and disseminating that information to creditors, employers, and insurers who request it for the purposes of evaluating a particular consumer's eligibility for credit, employment, or insurance.

**ANSWER:** In response to Paragraph 73, Experian admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Experian denies any remaining allegations contained in Paragraph 73 and no response is required to any allegations directed at a non-party and not Experian.

74.    Experian charges fees to users for the information it disseminates on consumers' credit obligations.

**ANSWER:** In response to Paragraph 74, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, particularly in light of the use of ambiguous phrases including "charges fees" and "information it disseminates," and therefore denies the same.

75.    Experian compiles information from, and disseminates information to, creditors, employers, insurers, and consumers in all fifty states using means of interstate commerce.

**ANSWER:** Experian admits that it receives consumer credit information from various furnishers.   Experian admits that it, as a consumer reporting agency, it furnishes consumer reports to third parties to the extent permitted by and in compliance with the Fair Credit Reporting Act and other applicable law.

76.     One channel Experian utilizes to sell consumer credit information to credit grantors is "resellers."

**ANSWER:**  In response to Paragraph 76, Experian admits that it, as a consumer reporting agency, it furnishes consumer reports to third parties, including "resellers" (as that term is used by the Fair Credit Reporting Act), to the extent permitted by and in compliance with the Fair Credit Reporting Act and other applicable law.

77.     Datamyx is a reseller.

**ANSWER:**  Paragraph 77 states a legal conclusion to which no response is required.  To the extent any response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations therein, which relate to the co-defendant, and therefore denies the same.

78.     Experian and Datamyx have a contract whereby Experian provides consumer credit information pertaining to millions of individual consumers to Datamyx for Datamyx to resell to end users who have a permissible purpose under the FCRA to obtain and use the information.

**ANSWER:**  In response to Paragraph 78, Experian admits that there is a contract between Experian and an entity now known as Datamyx, LLC, which has been produced already in discovery subject to the Protective Order.  The contract language speaks for itself, and any characterization contrary to the contact language is denied.

79.     One end user approved by Experian and Datamyx as a person with a permissible purpose to obtain and use Experian's consumer credit information is Ark-La-Tex Financial Services LLC (hereinafter "Ark La Tex").

**ANSWER:**  In response to Paragraph 79, to the extent directed at Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, particularly in light of the use of ambiguous phrases

"person with a permissible purpose," "use Experian's consumer credit information," and "Ark-La-Tex Financial Services LLC," and therefore denies the same.

80.     Ark-La-Tex originates consumer mortgages.

**ANSWER:**  The allegations in Paragraph 80 are directed at a non-party and not Experian and therefore no response from Experian is required.  Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations about the non-party contained therein, particularly because "Ark-La-Tex" is not defined, the allegations are not pegged to a particular time or time period, and use of the ambiguous phrase "originates consumer mortgages," and therefore denies the same.

81.     In February 2007, Experian and Datamyx's predecessor approved a request by Ark-La-Tex to purchase Experian's consumer reports on an ongoing basis.

**ANSWER:**  In response to Paragraph 81, to the extent directed at Experian, Experian admits that, in February 2007, Experian approved an entity of the same or similar name as subscriber and entered into attendant agreements with the subscriber.  Experian denies the remaining allegations.  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the co-defendant, and therefore denies the same.

82.     Ark-La-Tex's request was submitted by then-employee Michael Ainbinder (hereinafter·"Ainbinder").

**ANSWER:**  In response to Paragraph 82, Experian admits that Ainbinder's submitted a Membership Application to Experian in January 2007 on behalf of Ark La Tex Financial. Experian further states that the contents of the referenced request, which has been

produced in discovery, speak for themselves and any characterization contrary to those contents is denied.

83.    In the request, Ainbinder listed Ark-La-Tex's address as 7341 Office Park Place, Suite 105, Melbourne, Florida 32940.

**ANSWER:** In response to Paragraph 83, Experian admits that Ainbinder's January 2007 application to Experian on behalf of Ark La Tex Financial lists the above-referenced address. Experian further states that the contents of the referenced request, which has been produced in discovery, speak for themselves and any characterization contrary to those contents is denied.

84.    The property at 7341 Office Park Place, Suite 105, Melbourne, Florida 32940 is an individually-titled office condo purchased by a company called Global Marketing Group of Central Florida Inc. in 2003 and still owned by Global Marketing Group of Central Florida Inc. to this day.

**ANSWER:** In response to Paragraph 84, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

85.    Global Marketing Group of Central Florida Inc. was created by Ainbinder under Florida laws in 1999.

**ANSWER:** The allegations in Paragraph 85 are directed at a non-party and not Experian and therefore no response from Experian is required. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same. Experian further states that the contents of any public records speak for themselves and any characterization contrary to those contents is denied.

86.     Ainbinder first submitted his request to purchase Experian's consumer reports to Datamyx's predecessor who, in turn, submitted it to Experian for review.

**ANSWER:**  In response to Paragraph 86, to the extent directed at Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

87.     On information and belief, Datamyx's predecessor did not conduct any review to confirm that Ainbinder intended to use Experian's consumer reports for a permissible purpose.

**ANSWER:**  In response to Paragraph 87, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

88.     On information and belief, Datamyx's predecessor knowingly and intentionally supplemented Ainbinder's request with representations to Experian of a permissible purpose that did not originate from Ainbinder and which Datamyx's predecessor did not confirm with Ainbinder to be true.

**ANSWER:**  In response to Paragraph 88, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

89.     Experian hired a third-party to evaluate the request from Ainbinder/Ark-La-Tex to purchase Experian's consumer reports through Datamyx's predecessor.

**ANSWER:**  In response to Paragraph 89, Experian admits that it requested a third party to investigate a request for membership from an entity of the same or similar name signed by Ainbinder.  Experian has produced documents relating to this investigation.  The contents of those documents speak for themselves and any characterization to the contrary is denied.

90.     The third-party observed that Experian had inaccurately identified Ark-La-Tex in its internal documents.

**ANSWER:** In response to Paragraph 90, the contents of the referenced report, which has been produced in discovery, speak for itself and any characterization contrary to those contents is denied.

91.     Experian's internal documents variously identify the requestor as "Ark La Tek Financial" or "Ark La Tey Financial" with a "k" or "y" at the end of "Tex," but not the accurate name of the corporate person then requesting permission to buy consumer reports, "Ark-La-Tex Financial."

**ANSWER:** In response to Paragraph 91, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, particularly in light of ambiguous phrases including "Experian's internal documents," and therefore denies the same.

92.     The third-party reported the discrepancy to Experian in February 2007.

**ANSWER:** In response to Paragraph 92, the contents of the referenced report, which has been produced in discovery, speak for itself and any characterization contrary to those contents is denied.

93.     There is no business entity called "Ark La Tek Financial" or "Ark La Tey Financial."

**ANSWER:** In response to Paragraph 93, Experian admits, upon information and belief, that an entity named "Ark La Tek Financial" or "Ark La Tey Financial," as specifically spelled, does not exist.  Experian notes, however, that an entity named "Ark La Tex Financial" does exist.  Experian denies any remaining allegations contained in Paragraph 93.

94.     Experian never changed its internal records to accurately identify its customer Ark-La-Tex.

**ANSWER:** In response to Paragraph 94, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, particularly in light of the use of ambiguous language including "changed," "internal records," and "accurately identify," and therefore denies the same.

95.     In April 2008, Ainbinder's employment with Ark-La-Tex was terminated.

**ANSWER:** The allegations in Paragraph 95 are directed at a non-party and not Experian and therefore no response from Experian is required.  To the extent a response is required, Experian admits that a document produced in this case by former defendant Ark-La-Tex Financial Services, LLC shows Ainbinder's employment with Ark-La-Tex was terminated in April 2008.

96.     Between April 2008 and the present, Ainbinder created a number of companies that specialize in marketing and providing debt relief services, including Golden EG.

**ANSWER:** The allegations in Paragraph 96 are directed at a non-party and not Experian and therefore no response from Experian is required.  To the extent a response is required, Experian states that contents of public records speak for themselves and any characterization contrary to those contents is denied.

97.     Aindinder created Golden EG under Florida laws in January 2012 with business operations at 7341 Office Park Place, Suite 105, Melbourne, Florida 32940.

**ANSWER:** The allegations in Paragraph 97 are directed at a non-party and not Experian and therefore no response from Experian is required.  To the extent a response is

required, Experian states the contents of public records speak for themselves and any

characterization contrary to those contents is denied.

98.    After termination of his employment with Ark-La-Tex in April 2008, Ainbinder continued to obtain Experian's consumer reports through Datamyx in the name of his former employer Ark-La-Tex.

**ANSWER:** In response to Paragraph 98, Experian is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein, and

therefore denies the same.  Responding further, Experian states that, after April 2008, an

entity by the same or similar name obtained consumer records through Datamyx.

99.    After April 2008, Ainbinder used Experian's consumers report obtained through Datamyx to solicit debt relief customers on behalf of Golden EG and affiliated companies.

**ANSWER:** In response to Paragraph 99, Experian states that it lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein,

and therefore denies the same.  Responding further, Experian states Golden EG, through

Ainbinder, has stated in connection with another lawsuit that it sent debt relief

solicitations to consumers in Minnesota.

100.    On information and belief, upon acquisition of the rights of its predecessor to sell Experian's consumer reports to Ainbinder and Ark-La-Tex, Dataymx conducted no review of Ainbinder or Ark-La-Tex to determine the nature of their business.

**ANSWER:** The allegations in Paragraph 100 are directed at Dataymx and not Experian

and therefore no response from Experian is required.   To the extent a response is

required, Experian states that it lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained therein, and therefore denies the same.

101.   On information and belief, after April 2008, Experian and Datamyx conducted no audits of Aindbiner's use of Experian's consumer reports or the business conducted at 7341 Office Park Place, Suite 105, Melbourne, Florida 32940.

**ANSWER:**  In response to Paragraph 101, to the extent directed at Experian, Experian admits, based on its preliminary investigation, that it did not conduct any such audits. Experian further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed at the codefendant, and therefore denies the same.

102.   Prior to November 14th, 2012, Experian compiled information about Plaintiff Montgomery and his credit obligations from Plaintiff Montgomery's creditors.

**ANSWER:**  In response to Paragraph 102, Experian admits that it assembled information about Plaintiff Montgomery and his credit obligations from Plaintiff's creditors. among other sources, prior to November 14, 2012.  Experian denies any remaining allegations contained in Paragraph 102.

103.   In particular, Experian compiled information about Plaintiff Montgomery's unsecured debt balances.

**ANSWER:**  In response to Paragraph 103, Experian admits that it assembled information about Plaintiff Montgomery's credit obligations, which may have included information regarding Plaintiff Montgomery's unsecured debt.   Experian denies any remaining allegations contained in Paragraph 103.

104.   On information and belief, Experian collected information about Plaintiff Montgomery's unsecured debt balances for the purpose of including this information in reports sold to third-parties.

**ANSWER:**  In response to Paragraph 104, Experian is without knowledge or information sufficient to form a belief as the truth of the allegations contained therein, particularly in

light of the use of the ambiguous phrase "for the purpose of including this information in reports sold to third parties," and therefore denies the same.

105.   On information and belief, in collecting information about Plaintiff Montgomery's unsecured debt balances from his creditors, Experian expected that third-parties purchasing the information would use it to determine his eligibility for credit, insurance, or employment.

**ANSWER:**  In response to Paragraph 105, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, particularly in light of the use of the ambiguous language "expected that third-parties purchasing the information would use it to determine his eligibility for credit, insurance, or employment," and therefore denies the same.

106.   On November 14th, 2012, Datamyx sold Experian's credit information on Plaintiff Montgomery to Ainbinder or a person affiliated with Ainbinder.

**ANSWER:**  In response to Paragraph 106, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

107.   On information and belief, after November 14th, 2012, Ainbinder or a person affiliated with Ainbinder used Plaintiff Montgomery's credit information obtained from Experian and Datamyx to send him a direct mail solicitation for debt relief services similar to the Solicitation.

**ANSWER:**  In response to Paragraph 107, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

108.   On September 16th, 2013, pursuant to 15 U.S.C. § 1681g, Plaintiff Montgomery requested that Experian provide him with disclosures related to his credit file.

**ANSWER:** In response to Paragraph 108, Experian states that, pending the outcome of its preliminary investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

109.   Experian inaccurately disclosed to Plaintiff Montgomery that the person who obtained his credit information on November 14th, 2012 was "Ark La Tek Financial" at 7341 Office Park Place, Suite 105, Melbourne, Florida 32940.

**ANSWER:** In response to Paragraph 109, Experian states that the contents of the consumer disclosure speak for themselves and any characterization contrary to the contents is denied.

110.   Prior to April 30th, 2013, Experian compiled information about Plaintiff Broberg and his credit obligations from Plaintiff Broberg's creditors.

**ANSWER:** In response to Paragraph 110, Experian admits that it assembled information about Plaintiff Broberg and his credit obligations from Plaintiff's creditors. among other sources, prior to April 30, 2013.  Experian denies any remaining allegations contained in Paragraph 110.

111.   In particular, Experian compiled information about Plaintiff Broberg's unsecured debt balances.

**ANSWER:** In response to Paragraph 111, Experian admits that it assembled information about Plaintiff Broberg's credit obligations, which may have included information regarding his  unsecured debt.   Experian denies any remaining allegations contained in 111.

112.   On information and belief, Experian collected information about Plaintiff Broberg's unsecured debt balances for the purpose of including this information in reports sold to third-parties.

**ANSWER:** In response to Paragraph 112, Experian is without knowledge or information sufficient to form a belief as the truth of the allegations contained therein, particularly in light of the use of the ambiguous phrase "for the purpose of including this information in reports sold to third parties," and therefore denies the same.

113. On information and belief, in collecting information about Plaintiff Broberg's unsecured debt balances from his creditors, Experian expected that third-parties purchasing the information would use it to determine his eligibility for credit, insurance, or employment.

**ANSWER:** In response to Paragraph 113, Experian is without knowledge or information sufficient to form a belief as the truth of the allegations contained therein, particularly in light of the use of the ambiguous phrase "expected that third-parties purchasing the information would use it to determine his eligibility for credit, insurance, or employment."

114. On April 30th, 2013, Datamyx sold Experian's credit information on Plaintiff Broberg to Ainbinder or a person affiliated with Ainbinder.

**ANSWER:** In response to Paragraph 114, Experian states that on April 30, 2013, an entity identified as "Ark La Tey Financial" received records about consumers, including Plaintiff Broberg, from Datamnyx. Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

115. On information and belief, after April 30th, 2013, Ainbinder or a person affiliated with Ainbinder used Plaintiff Broberg's credit information obtained from Experian and Datamyx to send him the Solicitation.

**ANSWER:**  In response to Paragraph 115, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

116.   On December 27th, 2013, pursuant to 15 U.S.C. § 1681g, Plaintiff Broberg requested that Experian provide him with disclosures related to his credit file.

**ANSWER:**  In response to Paragraph 116, Experian admits that on December 27, 2013, Plaintiff Broberg made an online request for his free annual credit report.

117.   Experian inaccurately disclosed to Plaintiff Broberg that the person who obtained his credit information on April 30th, 2013 was "Ark La Tek Financial" at 7341 Office Park Place, Suite 105, Melbourne, Florida 32940.

**ANSWER:**  Paragraph 117 states a legal conclusion to which no response is required.  To the extent any response is required, Experian states that the contents of the consumer disclosure speak for themselves and any characterization contrary to the contents is denied.

118.   Prior to May 14th, 2013, Experian compiled information about Plaintiff Bertsch and her credit obligations from Plaintiff Bertsch's creditors.

**ANSWER:**  In response to Paragraph 118, Experian admits that it assembled information about Plaintiff Bertsch and her credit obligations from Plaintiff's creditors. among other sources, prior to May 14, 2013.  Experian denies any remaining allegations contained in Paragraph 118.

119.   In particular, Experian compiled information about Plaintiff Bertsch's unsecured debt balances.

**ANSWER:**  In response to Paragraph 119, Experian admits that it assembled information about Plaintiff Bertsch's credit obligations, which may have included information

regarding her unsecured debt.  Experian denies any remaining allegations contained in

Paragraph 119.

120.   On information and belief Experian collected information about Plaintiff
Bertsch's unsecured debt balances for the purpose of including this information in reports
sold to third-parties.

**ANSWER:** In response to Paragraph 120, Experian is without knowledge or information

sufficient to form a belief as the truth of the allegations contained therein, particularly in

light of the use of the ambiguous phrase "for the purpose of including this information in

reports sold to third parties," and therefore denies the same.

121.   On information and belief, in collecting information about Plaintiff
Bertsch's unsecured debt balances from her creditors, Experian expected that third-
parties purchasing the information would use it to determine her eligibility for credit,
insurance, or employment.

**ANSWER:** In response to Paragraph 121, Experian is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained therein, particularly

in light of the use of the ambiguous language "expected that third-parties purchasing the

information would use it to determine his eligibility for credit, insurance, or

employment," and therefore denies the same.

122.   On May 14th, 2013, Datamyx sold Experian's credit information on
Plaintiff Bertsch to Ainbinder or a person affiliated with Ainbinder.

**ANSWER:** In response to Paragraph 122, Experian states that it lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein,

and therefore denies the same.

123.   On information and belief, after May 14th, 2013, Ainbinder or a person affiliated with Ainbinder used Plaintiff Bertsch's credit information obtained from Experian and Datamyx to send her a direct mail solicitation for debt relief services similar to the Solicitation.

**ANSWER:**  In response to Paragraph 123, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

124.   On or around February 11th, 2014, pursuant to 15 U.S.C. § 1681g, Plaintiff Bertsch requested that Experian provide her with disclosures related to her credit file.

**ANSWER:**  In response to Paragraph 124, Experian states that, pending the outcome of its preliminary investigation, it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

125.   Experian inaccurately disclosed to Plaintiff Bertsch that the person who obtained her credit information on May 14th, 2013 was "Ark La Tek Financial" at 7341 Office Park Place, Suite 105, Melbourne, Florida 32940.

**ANSWER:**  Paragraph 125 states a legal conclusion to which no response is required.  To the extent any response is required, Experian states that the contents of the consumer disclosure speak for themselves and any characterization contrary to the contents is denied.

## CLASS ACTION ALLEGATIONS

126.   Plaintiffs bring this action individually and as a class action.

**ANSWER:**  In response to Paragraph 126, Experian admits that Plaintiffs bring this action as alleged, but Experian denies that this matter may be properly maintained as a class action under Rule 23.

127.   Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiffs seek to certify two classes.

**ANSWER:** In response to Paragraph 127, Experian admits that Plaintiffs seek to certify two classes as alleged, but Experian denies that this matter may be properly maintained as a class action under Rule 23.

128.   One class Plaintiffs seek to certify consists of the following (hereinafter the "1681e Class"):

> *All (1) consumers (2) about whom (3) Experian (4) furnished a consumer report (5) after January 6th, 2012 (6) through its reseller Datamyx (7) to a person identified in Experian's records as having the address 7341 Office Park Place, Suite 105, Melbourne, Florida 32940 (8) which resulted in Golden EG or an affiliate sending the consumer a solicitation for debt relief services.*

**ANSWER:** In response to Paragraph 128, Experian admits that Plaintiffs seek to certify the class as alleged, but Experian denies that this matter may be properly maintained as a class action under Rule 23.

129.   The 1681e Class shall be subject to the following exclusions, who are not members of the 1681e Class, eligibility according to the above criteria notwithstanding:

> *All (1) Counsel for Plaintiffs and the Class, (2) Counsel for Defendants, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

**ANSWER:** In response to Paragraph 129, Experian admits that Plaintiffs seek to certify a class with the exclusions as alleged, but Experian denies that this matter may be properly maintained as a class action under Rule 23.

130.    The second class Plaintiffs seek to certify consists of the following (hereinafter the "1681g Class"):

> All (1) consumers (2) who requested (3) from Experian (4) disclosures pursuant to 15 U.S.C. § 1681g (5) and to whom (6) Experian (7) inaccurately identified "Ark La Tek Financial" as a person who obtained the consumer's information (8) so long as the inaccurate identification by Experian occurred after January 6th, 2012.

**ANSWER:**  In response to Paragraph 130, Experian admits that Plaintiffs seek to certify the class as alleged, but Experian denies that this matter may be properly maintained as a class action under Rule 23.

131.    The 1681g Class shall be subject to the following exclusions, who are not members of the 1681g Class, eligibility according to the above criteria notwithstanding:

> All (1) Counsel for Plaintiffs and the Class, (2) Counsel for Defendants, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.

**ANSWER:**  In response to Paragraph 131, Experian admits that Plaintiffs seek to certify a class with the exclusions as alleged, but Experian denies that this matter may be properly maintained as a class action under Rule 23.

132.    The 1681e Class and the 1681g Class meet all factors in Rule 23(a-b) for class certification.

**ANSWER:**  Paragraph 132 states a legal conclusion to which no response is required. Experian denies any additional allegations contained therein.

### Rule 23(a) Requirements

### Numerosity

133.    The Solicitation has the design and composition of a mass mailing targeting large numbers of people.

**ANSWER:** In response to Paragraph 133, the contents of the Exhibit 1 speak for themselves, any characterization contrary to those contents is denied.

134.   On information and belief, Golden EG and/or its affiliates targeted a large number of consumers with advertisements similar to the Solicitation.

**ANSWER:** In response to Paragraph 134, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

135.   On information and belief, Golden EG and/or its affiliates used consumer reports unlawfully disclosed by Experian and Datamyx to target a large number of consumers with advertisements similar to the Solicitation.

**ANSWER:** In response to Paragraph 135, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

136.   It is plausible that Experian and Datamyx unlawfully furnished consumer reports for misuse by Golden EG and/or its affiliates on a large number of consumers such that joinder of all in this lawsuit would be impracticable.

**ANSWER:** Paragraph 136 states a legal conclusion to which no response is required. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

137.   Once per year and upon any consumer's request, the FCRA requires Experian to provide a free disclosure to the consumer of all persons who obtained the consumer's credit file in the preceding year.

**ANSWER:** Paragraph 137 contains a legal conclusion to which no response is required.

138.   Many consumers are aware of and take advantage of their one free credit disclosure per year.

**ANSWER:**  In response to Paragraph 138, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, particularly in light of ambiguous phrases including "many," "are aware of," and "take advantage of," and therefore denies the same.

139.   In addition to free disclosures required by the FCRA, Experian aggressively advertises through national television programming the importance of regularly purchasing copies of information appearing in one's credit file.

**ANSWER:**  In response to Paragraph 139, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, particularly in light of use of ambiguous language including "in addition to free disclosures," "aggressively," "importance," "regularly," "purchasing copies of information," and therefore denies the same.

140.   It is plausible that a large number of consumers requested disclosures from Experian that resulted in Experian inaccurately identifying the non-existent "Ark La Tek Financial" as a person who obtained the consumer's credit information such that joinder of all in this lawsuit would be impracticable.

**ANSWER:**  Paragraph 140 states a legal conclusion to which no response is required.  To the extent any response is required, Experian states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

*Commonality*

141.   All members of the 1681e Class and the 1681g Class had their rights violated in the same manner by the same actions of Defendants.

**ANSWER:**  In response to Paragraph 141, Experian denies the allegations, generally and specifically, to the extent directed at Experian.  Experian further denies that this action

may be maintained as a class action.  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the co-defendant, and therefore denies the same.

142.   Common evidence, in particular (l) the mailing lists of Golden EG and affiliated persons for their debt relief services mail campaigns, (2) the mailing lists sold by Datamyx to Ainbinder, (3) the mailing lists disclosed by Datamyx to Experian as having been sold to Ainbinder based on Experian's data, (4) Experian's actions, or in-action, to ensure proper use of its data, (5) Datamyx's actions, or in-action, to ensure proper use Experian's data, and (6) Experian's records of consumers who requested 1681g disclosures, will drive resolution of the claims of the 1681e Class and the 1681g Class.

**ANSWER:**  In response to Paragraph 142, Experian denies the allegations, generally and specifically, to the extent directed at Experian.  Experian further denies that this action may be maintained as a class action.  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the co-defendant, and therefore denies the same.

143.   Statutory relief under the FCRA is directed based on the common conduct of Defendants, i.e. the extent to which Defendants' actions constituted reckless disregard or consumers' rights under the FCRA, and not the subjective, individual experiences of members of the 1681e Class or the 1681g Class.

**ANSWER:**  Paragraph 143 states a legal conclusion to which no response is required.  Experian further denies that that this matter may be properly maintained as a class under Rule 23.

### *Typicality*

144.   Plaintiffs have the same claims to statutory relief as all other members of the 1681e Class and the 1681g Class.

**ANSWER:**  In response to Paragraph 144, Experian denies the allegations, generally and specifically, to the extent directed at Experian.  Experian further denies that this action may be maintained as a class action.  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the co-defendant, and therefore denies the same.

145.    Any defenses that Defendants may have to liability or quantum of damages with respect to Plaintiffs' claims would be generally applicable to all members of the 1681e Class and the 1681g Class.

**ANSWER:**  In response to Paragraph 145, Experian denies the allegations, generally and specifically, to the extent directed at Experian.  Experian further denies that this action may be maintained as a class action.  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the co-defendant, and therefore denies the same.

### *Adequacy*

146.    Plaintiffs bring this lawsuit after an extensive investigation of Defendants' alleged misconduct.

**ANSWER:**  In response to Paragraph 146, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, to the extent directed at Experian, and therefore denies the same.  Further, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the co-defendant, and therefore denies the same.

147.    Plaintiffs bring this lawsuit with the intention to stop Defendants' unlawful practices and recover statutory penalties for all consumers affected.

**ANSWER:**  In response to Paragraph 147, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, to the extent directed at Experian, and therefore denies the same.   Further, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the co-defendant, and therefore denies the same.

148.   Plaintiffs will continue to vigorously pursue relief for the 1681e Class and the 1681g Class.

**ANSWER:**  In response to Paragraph 148, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

149.   Plaintiffs' counsel the Consumer Justice Center, P.A. has been certified as class counsel in dozens of class actions enforcing consumer rights laws in this District and others.

**ANSWER:**  In response to Paragraph 149, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

150.   Plaintiffs' counsel McDonough & Nowicki PLLC devote a substantial part of their practice to enforcing important but often ignored consumer protections, like FCRA privacy rights.

**ANSWER:**  In response to Paragraph 150, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

151.   Plaintiffs' counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf the 1681e Class and the 1681g Class.

**ANSWER:** In response to Paragraph 151, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

### *Rule 23(b)(3)*

### *Predominance/Superiority*

### *Predominance*

152.    Statutory relief under the FCRA follows from evidence of the defendant's state of mind and not the subjective experience of any one complainant.

**ANSWER:** Paragraph 152 states a legal conclusion to which no response is required.

153.    Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the 1681e Class and the 1681g Class.

**ANSWER:** In response to Paragraph 153, Experian denies the allegations, generally and specifically, to the extent directed at Experian.  Experian further denies that this action may be maintained as a class action.  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the co-defendant, and therefore denies the same.

### *Superiority*

154.    Plaintiffs and Plaintiffs' counsel are not aware of any other pending actions against Defendants related to the unlawful sale and disclosure or consumer reports by Experian pursuant to the false certification of identity and purpose naming "Ark La Tek Financial" at 7341 Office Park Place, Suite 105, Melbourne, Florida, 32940.

**ANSWER:** In response to Paragraph 154, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding what Plaintiffs and their counsel are aware of, and therefore denies the same.  Experian further states that it is not presently aware of any such lawsuits as described.  Experian

denies the remaining allegations to the extent directed at Experian.  Experian is without

knowledge or information sufficient to form a belief as to the truth of the allegations

regarding co-defendant, and therefore denies the same.

155.    Members or the 1681e Class and the 1681g Class have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay and uncertainty of recovery alter prosecuting this privacy lawsuit.

**ANSWER:**  In response to Paragraph 155, Experian denies the allegations, generally and

specifically.  Experian further denies that this action may be maintained as a class action.

156.    Upon information and belief, few members of the 1681e Class are aware that Defendants disclosed their credit information to Golden EG or affiliates or that Defendants' actions were unlawful.

**ANSWER:**  In response to Paragraph 156, Experian denies the allegations, generally and

specifically, to the extent directed at Experian.  Experian further denies that this action

may be maintained as a class action.  Experian is without knowledge or information

sufficient to form a belief as to the truth of the allegations regarding the co-defendant,

and therefore denies the same.

157.    Upon information and belief, few members of the 1681g Class are aware that Experian's identification of·"Ark La Tek Financial" as a person who obtained their consumer report was not accurate.

**ANSWER:**  In response to Paragraph 157, Experian denies the allegations, generally and

specifically, to the extent directed at Experian.  Experian further denies that this action

may be maintained as a class action.

158.    The class notice mechanism provides an opportunity for uninformed members of the 1681e Class and the 1681g Class to learn about their rights and obtain relief where otherwise there would be none.

**ANSWER:** Paragraph 158 states a legal conclusion to which no response is required.

Experian further denies that this action may be maintained as a class action.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FCRA AGAINST EXPERIAN

159.    Plaintiffs incorporate by reference all preceding paragraphs as though fully stated herein.

**ANSWER:** In response to Paragraph 159, Experian states that it incorporates by reference all preceding paragraphs as through fully stated herein.

160.    Experian willfully and recklessly disregarded its duties under 15 U.S.C. § 1681e(a) to prevent misappropriation and misuse of the private and protected credit information of Plaintiffs and the 1681e Class.

**ANSWER:** In response to Paragraph 160, Experian denies, generally and specifically, each and every allegation contained therein.

161.    Experian's failures resulted in the unlawful use of consumers' credit information to target them for debt relief services.

**ANSWER:** In response to Paragraph 161, Experian denies, generally and specifically, each and every allegation contained therein.

162.    Experian is liable to Plaintiffs and the 1681e Class for statutory damages, punitive damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:** In response to Paragraph 162, Experian denies, generally and specifically, each and every allegation contained therein.

163.    Experian willfully and recklessly disregarded its duty under 15 U.S.C. § 1681g(a)(3) to accurately identify users of consumers' reports when it refused to correct the name of its non-existent customer "Ark La Tek Financial" in its records.

**ANSWER:** In response to Paragraph 163, Experian denies, generally and specifically, each and every allegation contained therein.

164.   Experian willfully and recklessly disregarded its duty under 15 U.S.C. § 1681g(a)(3) to accurately identify users of consumers' reports when it failed to discover that Ainbinder was terminated by Ark-La-Tex more than five years before Experian told Plaintiffs that that the opposite was true.

**ANSWER:** In response to Paragraph 164, Experian denies, generally and specifically, each and every allegation contained therein.

165.   Experian's willful failures with respect to its 15 U.S.C. § 1681g(a)(3) duties resulted in inaccurate disclosures to Plaintiffs in violation of 15 U.S.C. § 1681g(a)(3).

**ANSWER:** In response to Paragraph 165, Experian denies, generally and specifically, each and every allegation contained therein.

166.   Experian is liable to Plaintiffs and the 1681g Class for statutory damages, punitive damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:** In response to Paragraph 166, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT II.
## VIOLATIONS OF THE FCRA AGAINST DATAMYX

167.   Plaintiffs incorporate by reference all preceding paragraphs as though fully stated herein.

**ANSWER:** In response to Paragraph 167, Experian states that it incorporates by reference all preceding paragraphs as through fully stated herein.

168.   Datamyx willfully and recklessly disregarded its duties under 15 U.S.C. § 1681e(e) to prevent misappropriation and misuse of the private and protected credit information of Plaintiffs and the 1681e Class.

**ANSWER:** In response to Paragraph 168, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, which are directed at the co-defendant, and therefore denies the same.

169.    Datamyx's failures resulted in the unlawful use of consumers' credit information to target them for debt relief services.

**ANSWER:** In response to Paragraph 169, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, which are directed at the co-defendant, and therefore denies the same.

170.    Datamyx is liable to Plaintiffs and the 1681e Class for statutory damages, punitive damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:** In response to Paragraph 170, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, which are directed at the co-defendant, and therefore denies the same.

## DEMAND FOR JURY TRIAL

171.    Pursuant to the Seventh Amendment of the Constitution and Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a jury trial on all issues so triable.

**ANSWER:** In response to Paragraph 171, Experian admits that Plaintiffs so state and demand.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court enter Judgment against Defendants:

- for statutory damages for violations of 15 U.S.C. § 1681e(a) in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n;

- for punitive damages for violations of 15 U.S.C. § 1681e(a) in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n(a)(2);

- for statutory damages for violations of 15 U.S.C. § 1681g(a)(3) in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n;

- for punitive damages for violations of 15 U.S.C. § 1681g(a)(3) in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n(a)(2);

- for statutory damages for violations of 15 U.S.C. § 1681e(e) in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n;

- for punitive damages for violations of 15 U.S.C. § 1681e(e) in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n(a)(2);

- for an order pursuant to Fed. R. Civ. P. 23(c) certifying this action as a class action and appointing Plaintiffs and the undersigned counsel to represent the 1681e Class and the 1681g Class;

- for an order declaring that Plaintiffs brought a successful action under the FCRA;

- for reasonable costs and attorneys' fees as provided by FCRA; and

- for such other and further relief as may be just and proper.

**ANSWER:** To the extent the allegations contained in this unnumbered paragraph, including its subparts, under the heading "Prayer for Relief," are directed toward Experian, Experian denies, generally and specifically, each and every allegation contained therein. More specifically, Experian denies that Plaintiffs and/or any putative class members are entitled to an order certifying this matter as a class action with any or all Plaintiffs as a class representative, and/or their counsel as class counsel. Experian also denies that Plaintiffs and/or any putative class members are entitled to any damages, costs, fees, or other relief of any kind from or against Experian. To the extent the allegations contained in this unnumbered paragraph, including its subparts, under the heading "Prayer for Relief," relate to the co-defendant, Experian is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

## AFFIRMATIVE DEFENSES

By asserting the defenses set forth below, Experian does not admit, allege or otherwise suggest that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does Experian admit that Plaintiffs are relieved of their burden to prove each and every element of their claims and the damages, if any, to which they could be entitled.  As for its affirmative defenses, Experian reasserts and reincorporates as if fully set forth herein its responses above to paragraphs 1 through 171 of the Amended Complaint, and to the unnumbered paragraphs contained therein. Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual development of this case.

## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Amended Complaint, and each cause of action therein, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle any Plaintiffs to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
### (INDEMNIFICATION)

Any purported damages allegedly suffered by Plaintiffs resulted from the act(s) and/or omission(s) of one or more third persons over whom Experian had neither control nor responsibility.

## THIRD AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiffs have failed to mitigate their damages.

## FOURTH AFFIRMATIVE DEFENSE
### (LACHES)

The Amended Complaint, and any claim for relief contained therein, is barred by laches.

## FIFTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

Any alleged damages sustained by Plaintiffs were, at least in part, caused by the action of Plaintiffs themselves, resulting from their own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Any allege damages sustained by Plaintiffs were the direct and proximate result of the conduct of the respective Plaintiff.  Therefore, Plaintiffs are estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

All claims for relief in the Amended Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## EIGHTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

The Amended Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (CLASS TREATMENT)

Experian opposes class certification, disputes the propriety of class treatment, and believes the named Plaintiffs have no valid claim against it.  If the Court certifies a class against Experian against each of Experian's objections, then Experian asserts all of its Affirmative Defenses against each member of the certified class.  This Affirmative Defense, therefore, is conditional and applies only in the event of class certification.

## TENTH AFFIRMATIVE DEFENSE
### (SEVENTH AMENDMENT)

Class action treatment of these claims will deprive Experian of its Seventh Amendment right to due process, because Experian will be compelled to litigate against hand-picked named plaintiffs.  As a result, Experian will be deprived of the right to (i) present evidence that its policies were commercially reasonable, (ii) cross-examine each class member with respect to his or her communications with Experian and the attorney-agents; (iii) cross-examine each putative class member about his or her understanding of or knowledge about the alleged wrongdoing, and (iv) present evidence about each class member's communications and knowledge about the alleged wrongdoing.

## ELEVENTH AFFIRMATIVE DEFENSE
### (WILLFUL CLAIM BARRED)

Plaintiff's claim for willful violations of the FCRA is barred by the principles articulated in *Safeco Ins. Co. v. Burr*, 127 S.Ct. 2201 (2007).

## TWELFTH AFFIRMATIVE DEFENSE
### (FAILURE TO JOIN A PARTY UNDER RULE 19)

Plaintiffs have failed to join a party—specifically, Golden EG—as required by Rule 19.  Golden EG is a necessary party and is required to be joined, if feasible.  Fed. R. Civ. P. 19(a).  If Golden EG cannot be joined, this action should be dismissed.  Fed. R. Civ. P. 19(b).  Further, Plaintiffs failed to plead the reasons for nonjoinder of Golden EG.  Fed. R. Civ. P. 19(c).

## THIRTEENTH AFFIRMATIVE DEFENSE
### (PUNITIVE DAMAGES)

The Amended Complaint seeks the imposition of punitive damages.  Experian adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the Supreme Court in cases including:  *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 923 (2001), *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), and *State Farm v. Campbell*, 538 U.S. 408 (2003).

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Experian hereby demands a jury trial on all issues so triable.

Dated:  June 25, 2014

**s/Gregory J. Myers**
Gregory J. Myers, MN #287398
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Ave. South, Suite 2200
Minneapolis, MN  55401
Telephone:  (612) 339-6900
Fax:  (612) 339-0981
gjmyers@locklaw.com


Adam W. Wiers, PA #89080
(admitted *pro hac vice*)
Michael A. Zuckerman, IL #6301251
(admitted *pro hac vice*)
Sergio A. Tostado, OH #0088376
(admitted *pro hac vice*)
JONES DAY
77 W. Wacker, Suite 3500
Chicago, IL  60601
Telephone:  (312) 782-3939
Fax:  (312) 782-8585
awwiers@jonesday.com
mzuckerman@jonesday.com
stostado@jonesday.com

**ATTORNEYS FOR DEFENDANT
EXPERIAN INFORMATION
SOLUTIONS, INC.**